FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★    MAR 1 3 2006
P.M.
TIME A.M.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____X

JUNIOR MILLINGTON,

                Plaintiff,

    -against-

U.S. GOVERNMENT,

                Defendant.
_____X

**MEMORANDUM
AND ORDER
06-CV-1002 (SLT)**

TOWNES, J.:

Plaintiff filed the instant *pro se* action against defendant on March 1, 2006. Plaintiff

invokes this Court's jurisdiction pursuant to "Restitution," Compl. ¶ II, and as for a remedy,

plaintiff seeks "Judged fairly specific performance." Id. ¶ IV. Plaintiff's sparse handwritten

complaint alleges "Malathion Poisoning," "Trespass aggravated assault," and "Intentional Tort."

Id. ¶ III and Ex. 1. Plaintiff also attaches to his complaint a map of the greater New York area

and a copy of his social security benefit statement. The Court grants plaintiff's request to

proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). For the reasons set forth below,

plaintiff is directed to file an amended complaint within thirty (30) days from the date of this

Order.

**DISCUSSION**

A.    <u>Standard of Review</u>

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action

where it is satisfied that the action is "(i) is frivolous or malicious; (ii) fails to state a claim on which

1



relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy;" or (2) "the claim is 'based on an indisputably meritless legal theory.'" Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted).

The Second Circuit has held that "a *pro se* plaintiff who is proceeding *in forma pauperis* should be afforded the same opportunity as a *pro se* fee-paid plaintiff to amend his complaint prior to its dismissal for failure to state a claim, unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." Cruz v. Gomez, 202 F.3d 593, 597-98 (2d Cir. 2000) (quoting Gomez v. USAA Federal Savings Bank, 171 F.3d 794, 796 (2d Cir. 1999)).

## B.     Federal Rule of Civil Procedure 8

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief," and Rule 8(e)(1) requires that each averment of a pleading be "simple, concise, and direct." It is well-settled that a pleading must give the Court and the defendant "fair notice of what that plaintiff's claim is and the grounds upon which it rests," Conley v. Gibson, 355 U.S. 41, 47 (1957). Fair notice is that which will enable the adverse party to answer and prepare for trial, allow the application of *res judicata*, and identify the nature of the case so it may be assigned the proper form of trial. Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995); Iwachiw v. NYC Bd. of Elections, 273 F. Supp. 2d 224, 226-27 (E.D.N.Y. 2003); 2A Moore's Federal Practice ¶ 8.13, at 8-58 (2d ed. 1994).

While the pleading of a *pro se* litigant should be liberally construed in his favor, Haines v.

2

Kerner, 404 U.S. 519, 520 (1972) (per curiam), a complaint must still set forth a basis for the Court to hear a claim. Because plaintiff fails to allege facts to support a claim against the defendant, the present complaint fails to satisfy Rule 8 and cannot be sustained in its present form.

C.      Sovereign Immunity

In addition, to the extent plaintiff wishes to raise an "intentional tort claim" against the United States, he is advised that "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994) (citing Loeffler v. Frank, 486 U.S. 549, 554 (1988) and Federal Hous. Admin. v. Burr, 309 U.S. 242, 244 (1940)). See United States v. Sherwood, 312 U.S. 584, 586 (1941); Morales v. United States, 38 F.3d 659, 660 (2d Cir. 1994). A waiver of sovereign immunity cannot be implied, but must be expressed explicitly by Congress. United States v. Nordic Village, Inc., 503 U.S. 30, 33-34 (1992). Such a waiver is a jurisdictional prerequisite to obtaining relief. United States v. Mitchell, 463 U.S. 206, 212 (1983).

**CONCLUSION**

Accordingly, plaintiff shall be afforded an opportunity to amend his complaint. Gomez, 171 F.3d at 795. Plaintiff is hereby directed to file an amended complaint within thirty (30) days of the date of this Order.[1] Plaintiff's amended complaint must allege what defendant(s) did or failed to do that violated plaintiff's rights and the dates and facts giving rise to plaintiff's claim.

No summons shall issue at this time and all further proceedings shall be stayed for thirty (30) days or until plaintiff has complied with this Order. If plaintiff fails to file an amended complaint which complies with Fed. R. Civ. P. 8 within the time allotted, the action shall be dismissed and

_____

[1]Plaintiff may use the Amended Complaint form attached to this Order.

3

judgment shall enter. <u>Salahuddin v. Cuomo</u>, 861 F.2d 40, 42 (2d Cir. 1988) (court may dismiss a complaint *sua sponte* for failure to comply with Rule 8). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

SANDRA L. TOWNES
United States District Judge

Dated: March 10, 2006
Brooklyn, New York

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

—————————————————————————X

JUNIOR MILLINGTON,

               Plaintiff,                            **AMENDED COMPLAINT**
                                                      06-CV-1002 (SLT)

     -against-

               Defendant(s).

—————————————————————————X