UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

JUNIOR MILLINGTON,

               Plaintiff,

**MEMORANDUM
AND ORDER**
06-CV-1002 (SLT)

U.S. GOVERNMENT,

               Defendant.
-----------------------------------------------------------X

TOWNES, J.:

    Plaintiff, appearing *pro se*, filed the instant action on March 1, 2006. By order dated March 10, 2006 (the "March Order"), the Court directed plaintiff to amend his complaint within thirty (30) days to comply with Fed. R. Civ. P. 8, Millington v. U.S. Gov't, No 06-CV-1002 (SLT), slip op. at 3-4 (E.D.N.Y. Mar. 10, 2006), and on March 15, 2006, plaintiff filed an amended complaint. The Court dismisses plaintiff's amended complaint for the reasons stated below.

    In the March Order, this Court held that plaintiff's complaint failed to allege facts to support a claim against the defendant, who, in any event, was shielded by sovereign immunity. Id., slip op. at 2-3. The Court nevertheless afforded plaintiff an opportunity to replead his claims. Id., slip op. at 3-4. Plaintiff's amended complaint, however, is nonsensical. A random sampling of allegations from plaintiff's recent submission is as follows: "Hijacking Tokyo Convention Act of 1963 ... Overbreadth ... Treason followed Executive Proclamation ... A contemptuous prejudicial process would follow ... Trespass VIET armis was carried out arbitrarily ... Dangerous Product Liability grounds for recovery equitably." Am. Compl. at 1. Plaintiff also attaches to his amended complaint a copy of a lengthy e-mail that he sent to the Federal Trade Commission on

March 12, 2006 which does nothing to clarify his claims. See id., Ex.

Plaintiff's amended complaint is clearly frivolous. See Denton v. Hernandez, 504 U.S. 25, 33 (1992) ("[a] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible whether or not there are judicially noticeable facts available to contradict them"). To grant plaintiff another opportunity to amend his complaint would be an exercise in futility and a waste of this Court's resources more properly devoted to legitimate claims. See Foman v. Davis, 371 U.S. 178, 182 (1962) (a district court need not grant leave to amend if amendment would be futile); Acito v. IMCERA Group, Inc., 47 F.3d 47, 55 (2d Cir. 1995).

Conclusion

Accordingly, the amended complaint is dismissed as frivolous or malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

SANDRA L. TOWNES
United States District Judge

Dated: March 17, 2006
Brooklyn, New York

2